IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTY STEPHENS                                                              PLAINTIFF

vs.                              Civil No. 6:19-mc-00024

UNITED HOME CARE, INC. ET AL.                                              DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Amended Motion to Quash Subpoena or for Protective Order. ECF No. 3. This Motion was filed on November 19, 2019. This Motion was referred to the undersigned for consideration. Defendant Charles Gardner has not responded to this Motion, and the time to respond has expired. *See* Local Rule 7.2(b).

Defendant Charles Gardner has subpoenaed Christy A. Stephens ("Stephens") to testify at a deposition, and she was directed to appear for the deposition on October 23, 2019 at 10:00 AM. This date was later changed to December 12, 2019, and the deposition is to take place in Hot Springs, Arkansas.

Stephens is a Certified Public Accountant with a specialty in forensic examinations. She was specifically retained by Defendant United Home Care to conduct an examination of books and records of Defendant United Home Care, Trinity Home Care, DMJ Properties, and DMJ Rentals "concerning a possible misappropriation of assets by the former COO, Mr. Charlie L. Simpson and the CFO, Mr. Charles Gardner, CPA." She prepared a report in excess of 2,000 pages as a result of her investigation.

Stephens recognizes she has not been formally identified in discovery as a trial expert, but she was an expert retained in anticipation of litigation and her work-product is not discoverable

1

pursuant to Federal Rule of Civil Procedure 26(b)(4)(D). Because Stephens claims her testimony during this deposition will be expert testimony in nature, she claims she is entitled to $3,200.00 "for the time required for preparation and the giving of her deposition." According to Plaintiff's Motion, Defendant Charles Gardner has refused to pay that fee.

In accordance with Federal Rule of Civil Procedure 26(b)(4)(E), a federal court "must require" that the party seeking discovery "pay the expert a *reasonable fee* for time spent in responding to discovery under Rule 26(b)(4)(D) (expert employed for trial preparation only)." (emphasis added). In the present action, Stephens seeks $3,200.00 which, for a CPA, appears to be a reasonable fee, and Defendant Charles Gardner has not responded or disputed that the amount is not reasonable. Thus, the Court **GRANTS** Plaintiff's Motion and quashes this subpoena. A subpoena may be reissued and Stephens may be deposed if Defendant Charles Gardner pays her the requisite $3,200.00 fee for her time.

**IT IS SO ORDERED this 9th day of December 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE